# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| In the Matter of the Search of )<br>*(Briefly describe the property to be searched or identify the person by name and address)*<br><br>Two United States Postal Service parcels in the custody of USPIS in San Bernardino, California. | )<br>)<br>) Case No. **2:24-MJ-02721**<br>)<br>)<br>)<br>) |

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

*See Attachment A*

located in the Central District of California, there is now concealed *(identify the person or describe the property to be seized)*:

*See Attachment B*

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☒ evidence of a crime;
☒ contraband, fruits of crime, or other items illegally possessed;
☒ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 21 U.S.C. § 841(a)(1) | Distribution and possession with intent to distribute a controlled substance |
| 21 U.S.C. § 846 | Conspiracy to distribute and possess with intent to distribute a controlled substance |
| 21 U.S.C. § 843(b) | Unlawful use of a communication facility, including the mails, to facilitate the distribution of a controlled substance |

The application is based on these facts:

*See attached Affidavit*

☒ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days*: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/s/ USPIS Postal Inspector Trent Tully
*Applicant's signature*

USPIS Postal Inspector Trent Tully
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: _____

City and state: Los Angeles, CA

Hon. Karen Stevenson, U.S. Magistrate Judge
*Judge's signature*
*Printed name and title*

AUSA: Alexandra Michael, x3756

**ATTACHMENT A**

PARCELS TO BE SEARCHED

The following United States Postal Service ("USPS") parcels seized from the mail stream between April 29, 2024, and May 3, 2024, from San Bernardino, California, and currently in the custody of the United States Postal Inspection Service ("USPIS") located at the United States Post Office, 390 W Fifth St., San Bernardino, California 92402:

a. **SUBJECT PARCEL 1** is a USPS Priority Mail Express parcel with tracking number EI 701 969 807 US, a recipient address of "Julian Reyes 30600 Monte Vista Way Thousand Palms, CA 92270" and a return address of "Brittaney Arnett 2713 Torridge Ave Apt 3 Bowling Green KY 42101."

b. **SUBJECT PARCEL 2** is a USPS Priority Mail Express parcel with tracking number EI 162 797 171 US, a recipient address of "Brian P 7731 Lehigh PL Westminster, CA 92683" and a return address of "Drake C 2311 E 19 Street Chattanooga, TN 37404."

**ATTACHMENT B**

ITEMS TO BE SEIZED

The items to be seized are evidence, contraband, fruits, and instrumentalities of violations of Title 21, United States Code, Sections 841(a)(1) (Distribution of and Possession with Intent to Distribute a Controlled Substance); 846 (Conspiracy to Distribute or Possess with Intent to Distribute a Controlled Substance); and 843(b) (Unlawful Use of a Communication Facility, including the mails, to facilitate the distribution of a controlled substance), namely:

      a. Any controlled substances, including marijuana;

      b. Currency, money orders, bank checks, or similar monetary instruments in aggregate quantities over $1,000; and

      c. Parcel wrappings, and any associated packaging material used to conceal items described in (a) and/or (b).

**AFFIDAVIT**

I, Trent Tully, being duly sworn, declare and state as follows:

## I.   PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of an application for a warrant to search the following two United States Postal Service ("USPS") parcels currently in the custody of the United States Postal Inspection Service ("USPIS") located at the U.S. Post Office, 390 W Fifth St., San Bernardino, California (collectively, the "**SUBJECT PARCELS**"), as described more fully in Attachment A:

    a. A USPS Priority Express Mail parcel with tracking number EI 701 969 807 US ("**SUBJECT PARCEL 1**"); and

    b. A USPS Priority Express Mail parcel with tracking number EI 162 797 171 US ("**SUBJECT PARCEL 2**").

2. The requested search warrant seeks authorization to seize evidence, fruits, and instrumentalities of violations of Title 21, United States Code, Sections 841(a)(1) (Distribution of and Possession with Intent to Distribute a Controlled Substance); 846 (Conspiracy to Distribute or Possess with Intent to Distribute a Controlled Substance); and 843(b) (Unlawful Use of a Communication Facility, including the mails, to facilitate the distribution of a controlled substance) (the "SUBJECT OFFENSES"), as described more fully in Attachment B. Attachments A and B are incorporated by reference.

3. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and

information obtained from various law enforcement personnel and witnesses.  This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not purport to set forth all of my knowledge of or investigation into this matter.  Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

## II. TRAINING AND EXPERIENCE

4. I am a Task Force Officer ("TFO") with the USPIS and have been so employed since January of 2024.  I am currently assigned to the Contraband Interdiction and Investigations South Team of the Los Angeles Division, which is responsible for investigating drug trafficking violations involving the United States Mail.

5. Before this assignment, I worked patrol as a Deputy Sheriff with the Riverside County Sheriff's Office.  I have been a sworn law enforcement officer since January 2011.

6. I have training and experience investigating violations of state and federal narcotics and money laundering laws, including, but not limited to, Title 21, United States Code, Sections 841, 846, 952, 959, and 963, and Title 18, United States Code, Section 1956(a).

7. I am familiar with various electronic surveillance methods, techniques, and investigations, including state and federal wiretap investigations and the debriefing of informants and witnesses, as well as others who have knowledge of the manufacturing, distribution, transportation, storage, and

2

importation of controlled substances and the laundering of drug proceeds.

8.  I have participated in many aspects of drug trafficking investigations, including investigations into the smuggling of illegal drugs, and extortion concerning drug trafficking.  I am familiar with narcotics traffickers' methods of operation, including the manufacturing, storage, transportation, and distribution of narcotics, and the collection of money that represents the proceeds of narcotics trafficking.  I am also familiar with how narcotics traffickers transport and distribute narcotics in areas they control.  I am familiar with how drug traffickers use counter-surveillance techniques to avoid detection by law enforcement.  I also know that drug traffickers often communicate with their drug-trafficking associates through cellular telephones.  I am aware that more sophisticated drug trafficking networks now use the dark web, email, Blackberry devices, Voice Over Internet Protocol, video chat, internet messaging services, and social networking sites to communicate with one another.  During drug-related communications, traffickers often use coded or cryptic language to disguise the drug-related nature of their conversations.

### III.  SUMMARY OF PROBABLE CAUSE

9.  Between April 29 and May 3, 2024, during routine parcel inspections at the San Bernardino USPS Post Office in San Bernardino County, California, I determined that each of the **SUBJECT PARCELS** met certain criteria common to packages

3

containing contraband.  For instance, the **SUBJECT PARCELS** were excessively taped, contained handwritten labels, lacked business account numbers, and the names of senders and/or recipients did not appear in law enforcement databases as associated with some of the listed addresses.  Furthermore, a drug-detection dog alerted to each **SUBJECT PARCEL**.  The **SUBJECT PARCELS** are therefore believed to contain controlled substances or the proceeds from the trafficking of controlled substances.

## IV. STATEMENT OF PROBABLE CAUSE

### A.   Background on Use of Mails for Drug Trafficking

10.  Based on my training and experience, my conversations with other Postal Inspectors who specialize in drug investigations, my review of law enforcement reports, and my own participation in this investigation, I know the following:

a.   Postal Inspectors have been conducting investigations of drug trafficking via USPS Express Mail and Priority Mail since the mid-1980s.  In the early 1990s, Postal Inspectors in Los Angeles, California, began conducting organized interdictions of Priority Mail Express and Priority Mail parcels suspected of containing controlled substances and proceeds from the sale of controlled substances.  Postal Inspectors also regularly examined and investigated Priority Mail Express and Priority Mail parcels.  During the 1990s, Postal Inspectors observed that the trend was for drug traffickers to send controlled substances and proceeds from the sale of controlled substances, in the form of cash, using boxes.

b. Although Postal Inspectors still see boxes used to send controlled substances and cash, there has been a gradual change over the years toward the current trend of using smaller boxes, flat cardboard envelopes, and Tyvek envelopes, and proceeds from the sale of controlled substances converted to money orders. By using money orders, drug traffickers are able to send large dollar amounts in compact form, using much smaller conveyances, which lend a sense of legitimacy to the parcel's appearance.

c. The San Bernardino County and Riverside County areas (collectively, the "Inland Empire") are a significant source area for controlled substances. Controlled substances are frequently transported from the Inland Empire area via the United States Mail, and the proceeds from the sale of controlled substances are frequently returned to the Inland Empire area via the United States Mail. These proceeds are generally in the form of money orders, bank checks, or similar monetary instruments in an amount over $1,000. Based on my training and experience, I know that proceeds from the sale of controlled substances often contain the odor of controlled substances because they have been contaminated with or associated with the odor of one or more controlled substances.

d. Drug traffickers often use one of two USPS services: Priority Mail Express, which is the USPS overnight/next day delivery mail product, or Priority Mail Service, which is the USPS two-to-three-day delivery mail product. Drug traffickers use the Priority Mail Express

5

delivery service because of its speed, reliability, and the ability to track the parcel's progress to the intended delivery point. Drug traffickers use the Priority Mail delivery service because it allows drug traffickers more time for travel between states if they decide to follow a shipment to its destination for distribution. Also, by adding delivery confirmation to a Priority Mail parcel, drug traffickers have the ability to track the parcel's progress to the intended delivery point, as if the parcel had been mailed using the Priority Mail Express Service.

11. Based on my training and experience, and the collective experiences that my fellow Postal Inspectors who specialize in drug investigations have related to me, I know that the following indicia suggest that a parcel may contain drugs or drug trafficking proceeds:

    a. The parcel is contained in a box, flat cardboard mailer, or Tyvek envelope;

    b. The parcel bears a handwritten label, whether USPS Express Mail or Priority Mail;

    c. The handwritten label on the parcel does not contain a business account number;

    d. All the seams of the parcel are taped or glued shut;

    e. The parcel emits a particular odor of a cleaning agent or adhesive or spray foam that can be detected by a human; and

    f. Multiple parcels are mailed by the same individual, on the same day, from different locations.

12. Parcels exhibiting some of these characteristics are the subject of further investigation, which may include verification of the addressee and return addresses, and examination by a trained drug detection dog.

13. I know from my experience and training that drug traffickers often use fictitious or incomplete names and/or addresses in an effort to conceal their identities from law enforcement officers investigating these types of cases. Indeed, it is my experience that to the extent real addresses are ever used, it is only to lend an appearance of legitimacy to the parcel, and is almost always paired with a false name.

B. **Initial Investigation of the SUBJECT PARCELS**

14. Between April 29 and May 3, 2024, during routine parcel inspections at the San Bernardino USPS Post Office in San Bernardino County, California, I determined that the **SUBJECT PARCELS** met some of the initial suspicious characteristics as described above. Specifically, the **SUBJECT PARCELS** were excessively taped, contained handwritten labels, and lacked business account numbers.

15. On or about May 6, 2024, I reviewed reports generated from law enforcement databases to check the sender and recipient information listed on the **SUBJECT PARCELS** and determined the following:

   a. **SUBJECT PARCEL 1** is a USPS Priority Mail Express parcel with tracking number EI 701 969 807 US, a handwritten label, no business account number, a return address of "Brittaney Arnett 2713 Torridge Ave Apt 3 Bowling Green KY

7

42101" and a recipient address of "Julian Reyes 30600 Monte Vista Way Thousand Palms, CA 92270." According to law enforcement database records, the return address is valid and I was able to associate with the name "Brittaney Arnett," and the recipient address is valid but could not associate the name "Julian Reyes." I was able to identify a subject by the name, Matthew Reyes to the address. According to law enforcement records, Matthew Reyes (DOB: 03/11/1997) has a 2023 conviction for possessing narcotics within a jail/prison, in violation of California Penal Code section 4573.6; and an additional conviction for possession of a controlled substance for sale, in violation of California Health and Safety Code section 11351.

       b. **SUBJECT PARCEL 2** is a USPS Priority Mail Express parcel with tracking number EI 162 797 171 US, a handwritten label, no business account number, a return address of "Drake C 2311 E 19 Street Chattanooga, TN 37404" and a recipient address of "Brian P 7731 Lehigh PL Westminster, CA 92683." According to law enforcement database records, the return address is valid but is not associated with the name "Drack C," and the recipient address is valid and was associated with the name "Brian Pham."

       C.   **Drug-Detection Dog Alerts to the SUBJECT PARCELS**

    16.  Based on my conversations with Riverside County Sheriff's Department Deputy Austin McGuire, I learned that on May 6, 2024, based on the suspicious characteristics of the **SUBJECT PARCELS**, Deputy McGuire had his trained drug detection dog, "Roger," examine the exterior of the **SUBJECT PARCELS**. During the examination portion, Deputy McGuire also included

multiple blank parcels to ensure that Roger was accurately determining which parcels contained narcotics.

17. I learned from Deputy McGuire that Roger gave a positive alert to each of the **SUBJECT PARCELS** separately, indicating the presence of controlled substances or other items, such as the proceeds of controlled substances, which emitted the odor of controlled substances. Attached hereto as Exhibit 1, and incorporated herein by reference, is a true and correct copy of the information provided to me by Deputy McGuire regarding Roger's training and history in detecting controlled substances.

## V. CONCLUSION

18. For the reasons set forth above, there is probable cause to believe that the items listed in Attachment B, which constitute the evidence, fruits, and instrumentalities of the SUBJECT OFFENSES, will be found in the **SUBJECT PARCELS**, as described in Attachment A.

Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this ___ day of May
2024.

_____
HONORABLE KAREN STEVENSON
UNITED STATES MAGISTRATE JUDGE

9

# EXHIBIT 1

**AFFIANT'S DECLARATION**

**TRAINING & EXPERIENCE**

Your Affiant is Austin McGuire, a Deputy for the Riverside County Sheriff's Department currently assigned to the Special Investigations Bureau – Highway Interdiction Team

Your affiant has been employed by the Riverside County Sheriff's Department since July 23, 2013. Prior to being sworn in as a Deputy Sheriff, your affiant completed 1190 hours of a California P.O.S.T (Peace Officer Standards and Training) Certified Academy though the Palomar College Police Academy in San Marcos, California. Since his date of hire, your affiant has been assigned to the Larson Justice Center – Court Services, Thermal Station Patrol Division, the La Quinta Special Enforcement Team (SET), and is currently assigned to the Sheriff Department's Special Investigations Bureau (SIB). Your affiant currently holds an Advanced P.O.S.T training certificate. Your affiant has been exposed to continual training though work experiences and on-the job training by more senior officers.

During the above-mentioned law enforcement service, your affiant has participated in other formal/informal training and education courses related to thefts, burglaries, property crimes, the sales/abuse of narcotics, assaults, robberies, and drug trafficking. Your affiant is thoroughly familiar with the manner in which the crimes of robbery, burglary and/or thefts, assaults, robberies, drug possession/sales, and drug trafficking are committed within the County of Riverside and State of California.

*Your affiant is also a certified drug detection canine handler:*

Name: Roger
Age: 6
Description: German Shorthaired Pointer, Male.
Years of experience: 4 Yr. 6 Mo.

Canine Roger was acquired from Vohne Liche Kennels in November of 2019 by the Riverside County Sheriff's Department. Canine Roger and your affiant completed 120 hours of training through Vohne Liche Kennel's basic handlers' course (November of 2019) which is POST certified canine training that trains police service dogs, odor (drug, bomb and tracking) detection dogs, and canine handlers. Vohne Liche Kennel's has trained thousands of canines and handlers and instructs nation wide on a weekly and monthly basis.

Canine Roger was certified and trained on the odor of methamphetamine, cocaine, heroin, fentanyl and marijuana through Vohne Liche Kennels (VLK). Canine Roger is also a certified narcotics detection canine through the California Narcotics Canine Association. Your affiant personally, with the assistance of VLK training staff, exposed Canine Roger to odors in which he was trained to detect. Your affiant was present during all the training at the basic handlers' course and certifies his ability to accurately detect the odor of a trained substance, which includes his ability to respond to or show a change of behavior and indicate a final response to his handler. This final response is known as an alert, which declares the odor of a trained substance is preset.

Since completing the initial training and becoming POST certified, Canine Roger and your affiant have maintained a steady maintenance training schedule that includes inner-department training within the canine team, VLK monitored training, as well as self-initiated narcotics training. The is the standardized monthly certification and maintenance training, which is monitored by VLK. On average, we participate in over 16 hours a month of training, which includes hands-on monitored training sessions with VLK that

include blank searches/sniffs (nothing or no odors present), proofing (masking agents and non-drug chemicals), and drug concealed sniffs.

**On Monday, May 6th 2024**, Task Force Officer Trent Tully advised me that he seized several parcels (to include the parcels listed below) that were being held at the San Bernardino Post Office, located at 290 W. Fifth St., San Bernardino, California. Task Force Officer (TFO) Trent Tully requested my narcotics detection canine in a narcotics parcel investigation. Task Force Officer Trent Tully asked me to meet with him at San Bernardino Post Office. At approximately 1235 hours, the same day, I responded to the San Bernardino Post Office with Canine Roger and conducted a sniff of the parcel(s) described below. Roger gave a positive alert for the presence of an odor he is trained to detect (methamphetamine, heroin, cocaine, fentanyl and marijuana). Prior to the sniff occurring, TFO Tully placed several "dummy parcels" (empty parcels) and the SUBJECT PARCELS throughout a large outdoor courtyard area. Canine Roger conducted a sniff of the parcel(s) described above and gave a positive alert for the present odor of a trained narcotic.

Canine Roger alerted to the present odor of narcotics emitting from the parcel listed below:

#1 United States Postal Service Priority Mail Express parcel bearing tracking label number:

EI 701 969 807 US

#2 United States Postal Service Priority Mail Express parcel bearing tracking label number:

EI 162 797 171 US

*Deputy Austin McGuire*

_____
Deputy Austin McGuire
Riverside County Sheriff's Department